DAN RAYFIELD
Attorney General
SARA DEL RUBIN  #232414
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  sara.delrubin@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TYLER BURNARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OREGON STATE HOSPITAL, OREGON HEALTH AUTHORITY, DOLORES MATTEUCCI, JOHN DOE 1, AND JANE DOES 2-5,<br><br>　　　　Defendant. | Case No. 6:25-cv-1901<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C) |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON:**

　　　　Defendants OREGON STATE HOSPITAL, OREGON HEALTH AUTHORITY, and DOLORES MATTEUCCI respectfully petition for removal of this action to the United States District Court for the District of Oregon.  In support of their petition, defendants allege as follows:

Page 1 -    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C)
　　　　SD8/jt3/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

1.	On or about August 12, 2025, Tyler Burnard ("Plaintiff") commenced an action against the Oregon State Hospital (OSH), Oregon Health Authority (OHA) and Dolores Matteucci in the Circuit Court of the State of Oregon for the County of Marion entitled *Tyler Burnard v. Dolores Matteucci, et al.*, Case No. 25CV45469.  A copy of the complaint is attached to this Notice as Exhibit 1.  Pursuant to 28 USC § 1446(a), copies of all other process, pleadings, and orders are attached as Exhibit 2:

    a. Order-Fee Waiver, filed August 12, 2025.[1]

    b. Assignment – Trial Judge, filed August 12, 2025.

    c. Acceptance of service, filed September 15, 2025.

2.	The Complaint alleges two civil claims under 42 U.S.C. § 1983 based on alleged misconduct by employees of OSH and OHA (Defendant Matteucci and Defendant Does 1-5) in the performance of their employment duties (Exhibit 1, pp. 5-7). This Court has jurisdiction under the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1443, because they arise under federal law and raise federal questions.

3. The Complaint also raises three state law claims for relief arising out of the same alleged misconduct. (Exhibit 1, pp. 2-4).   Because the state law claims are based on the same conduct, they form part of the same case and controversy as the federal claims, and this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.   Pursuant to 28 USC §§ 1331, 1441, and 1443, removal of the above-captioned matter to this Court is appropriate.

4.	A civil cover sheet for this matter is attached to this petition as Exhibit 3.

5.	All named defendants join in this Notice of Removal.

6.	Defendants have not filed a responsive pleading in the state court action.

---

[1] Note that plaintiff also filed an "Application-Fee Deferral Waiver," but that document was not provided to defendants and is not publicly available so as to protect the privacy of the filing party.

Page 2 -   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C)
    SD8/jt3/

7.	The filing of this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days of service of the named defendants.

7.	Pursuant to 28 USC § 1446(d), a copy of this Notice of Removal is being served upon plaintiff and a copy will be promptly e-filed with the Marion County Circuit Court.

8.	This notice is signed pursuant to Federal Rule of Civil Procedure 11.

WHEREFORE, defendants respectfully request that this action now pending against them in the Circuit Court in the State of Oregon for the County of Marion be removed from that court to the United States District Court for the District of Oregon.

DATED October 15, 2025.

Respectfully submitted,

DAN RAYFIELD
Attorney General

_s/ Sara Del Rubin_
SARA DEL RUBIN #232414
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
sara.delrubin@doj.oregon.gov
Of Attorneys for Defendants

Page 3 -    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C)
SD8/jt3/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

IN THE CIRCUIT COURT FOR THE STATE OF OREGON
FOR THE COUNTY OF MARION

| | |
|---|---|
| Tyler Burnard,<br><br>Plaintiff,<br><br><br>OREGON STATE HOSPITAL,<br>OREGON HEALTH<br>AUTHORITY,<br>DOLORES MATTEUCCI,<br>JOHN DOE 1, and<br>JOHN DOES 2-5,<br><br>Defendants. | Case # **25CV45469**<br><br>COMPLAINT - Negligence, Assault, Battery,<br>Intentional Infliction of Emotional Distress,<br>Violations of ORS 426.385, and Violations of 42<br>U.S.C. § 1983<br><br>Request for Jury Trial<br>Not Subject to Mandatory Arbitration<br><br>Monetary Claim Against Defendants: $350,000.00 |

Plaintiff alleges:

1. Plaintiff requests a jury trial in this matter.

**VENUE AND JURISDICTION**

2. Plaintiff Tyler Burnard ("Plaintiff") is a resident of Marion County, Oregon.

3. At all times material herein, Plaintiff was a patient at the Salem location of the Oregon State Hospital ("OSH").

4. Defendant Oregon State Hospital was responsible for housing, treating, and ensuring the safety and security of all patients committed to its care. Upon information and belief, OSH is regulated and operated by Defendant Oregon Health Authority ("OHA").

/

/

1 COMPLAINT
EXHIBIT 1, Page 1 of 7

5. Defendant Dolores Matteucci, was the superintendent of the Oregon State Hospital at all relevant times. She is ultimately responsible for the safety of patients housed at OSH. As a part of her duties, she reviewed any complaint of misconduct made against any employee of OSH.

6. Defendant John Doe 1 was the Deputy Superintendent of the Oregon State Hospital in Salem at all pertinent times. Defendant John Doe 1 was , at all relevant times, acting within the course and scope of their employment with Defendants OSH. Defendant John Doe 1 was ultimately responsible for the day to day care, treatment and safety of patients housed at OSH Salem.

7. Defendants John Does 2-5 are those persons whose relationships to the named Defendants ,or whose acts or omissions give rise to legal responsibility for the damages incurred by the Plaintiff, but whose true identities are at the present time unknown to Plaintiff. John Does 2-5 were, at all pertinent times, working in the course and scope of their employment with Defendant OSH. These persons are hereby notified of Plaintiff's intention to name them as Defendants if and when additional investigation or discovery reveals the appropriateness of such joinder. Defendants OSH, OHA,

8. Matteucci, and John Does 1-5 are collectively referred to as "State Defendants."

9. Venue and Jurisdiction are appropriate in this court because Plaintiff resides in Marion County, Oregon and Defendants OSH and OHA are headquartered in Marion County, Oregon.

10. Pursuant to ORS 30.275 and related Oregon laws, Plaintiff timely provided notice of his claims in the manner required by law against Defendant on or about December 24, 2023.

**FACTUAL ALLEGATIONS**

11. On or about August 13, 2023, Mr. Burnard filed a grievance for patient Daniel Hobson acting verbally and physically aggressively toward him, staff and other patients.

12. OSH ignored his warning. OSH did not move Burnard or Hobson to different wings.

13. On August 15, 2023 at about 3:30pm Mr. Burnard was talking to Maria Cabarra-Miller, Unit Administrator, at the hub in TR1 as Hobson walked around his person. Burnard warned him to leave him alone. Tim Owens, Mental Health Technician, stood between them and told Hobson to "walk away." Hobson swung at them, nearly missing Owens and landing a blow in Burnard's left eye & temple.

14. Due to the August 15, 2023 assault by Hobson, Plaintiff suffered severe injuries, emotional and physical. He still suffers nightmares and flashbacks. Plaintiff was in proximity of Hobson even after the battery. Plaintiff still suffers visual impairments today.

## FIRST CLAIM - NEGLIGENCE

### (Count 1 - Against Defendants OHA, OSH)

15. Plaintiff re-alleges paragraphs 1-14, which are incorporated herein by this reference.

16. The actions of Defendants OHA, OSH, and their employees/agents and Tim Owens were negligent in one or more of the following particulars:

a. Failing to properly assess and appreciate Mr. Hobson's violent history and aggressive behaviors.

b. Failing to properly supervise patients when in the common area.

c. Failing to transfer the assailant Hobson from the facility after the assault.

d. Failing to keep the assailant away from Plaintiff after the assault.

e. Failing to notify the Police of the Assault so that a proper investigation could ensue.

f. OSH, OHA and Tim Owens failed to protect Plaintiff from being assaulted.

17. As a direct and proximate result of Defendants negligent conduct, Plaintiff will suffer future economic damages in the form of future medical bills, out-of-pocket expenses, and lost earnings

18. capacity, in amounts to be proved with particularity at trial but not exceeding $20,000.

Plaintiff also requests his non-economic losses as described in Paragraph 24, in the amount of 330,000, his costs, and any other relief this court deems just and equitable.

### SECOND CLAIM - RECKLESS INFLICTION OF EMOTIONAL DISTRESS

- **(Count 2 - Against Defendants OHA and OSH0**

Plaintiffs re-allege paragraphs 1-18

19. State Defendant's actions against Plaintiff as alleged in paragraphs 1-24 were reckless. This reckless conduct inflicted severe emotional distress on the Plaintiff. State Defendants knew or should have known that their actions put Plaintiff at an unreasonably high risk of harm. State Defendants' conduct was an extraordinary transgression of the bounds of socially tolerable behavior. State Defendants had a special relationship with Plaintiff in that they were in a custodial relationship with Plaintiff.

20. As a direct and proximate result of State Defendants' conduct, Plaintiff will suffer economic damages in the form of future medical bills, out-of-pocket expenses, and lost earning capacity, in amounts to be proved with particularity at trial but not exceeding $20,000.

### THIRD CLAIM - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Count 3 - Against Defendants OHA and OSH)

21. Plaintiff re-alleges paragraphs 1-20 above.

22. Defendants OSH and OHA acted intentionally in the following regards:

a. Intentionally putting Plaintiff back in the same unit as his assailant on the same night that the assault occurred

b. Intentionally not transferring the assailant out of the facility and away from his victim. Intentionally allowing the assailant to have unrestrained access to Plaintiff in the common areas after the assault.

## FOURTH CLAIM - VIOLATION OF 42 U.S.C. § 1983

## Violation of Plaintiff's 14th Amendment Rights to Due Process (Against Defendants Matteucci and John Does 1-5)

23. Plaintiff re-alleges paragraphs 1-22 above.

24. At all material times to this complaint, Defendant Matteucci acted or purported to act in her individual capacity to perform official duties under color of state law, ordinances, or regulations.

25 Defendant Matteucci was the Superintendent of OSH, which is controlled by Defendant Oregon Health Authority (OHA).

26. At all material times to this complaint, Defendants John Does 2-5 were employees acting within the course and scope of their employment. John Does 2-5 acted or purported to act in their individual capacity to perform official duties under color of state law, ordinances, or regulations.

27. Plaintiff had a liberty interest in his bodily integrity, personal security, and freedom from abuse. Plaintiff also had a liberty interest in receiving uninterrupted medical and therapeutic care.

28. Defendant Matteucci, Defendant John Doe 1, and John Does 2-5 were acting under color of state law when they violated Plaintiff's constitutionally protected rights when they subjected Plaintiff to the following:

 a. Deliberately placing Defendant Hobson in the same room as Plaintiff leading to the August 15, 2023 assault and resulting injuries;

As a result of this civil rights violation, Mr. Burnard suffered severe emotional distress in the form of shame, guilt, embarrassment, and an inability to trust his treatment and supervision team. Additionally, Plaintiff has suffered economic damages in the form of future medical costs,

future out-of-pocket expenses, and reduced earning capacity associated with his multiple injuries and expected treatment, in the amount of $20,000. Due to the abuse and neglect suffered at the hands of Defendants, Plaintiff has experienced severe emotional distress. Plaintiff further requests his non- economic damages as described in paragraph 14 above, in the amount of $350,000. Plaintiff also seeks costs and attorney fees pursuant to 42 USC § 1988.

### FIFTH CLAIM - VIOLATION OF 42 U.S.C. § 1983

### Violation of Plaintiff's 8th Amendment Right Against Cruel and Unusual Punishment
### (Against Defendants Matteucci and John Does 1-5)

29. Plaintiff re-alleges paragraphs 1-28 above.

30. At all material times to this complaint, Defendant Matteucci acted or purported to act in her individual capacity to perform official duties under color of state law, ordinances, or regulations.

31. Defendant Matteucci was the Superintendent of OSH, which is controlled by Defendant Oregon Health Authority (OHA).

32. At all material times to this complaint, Defendant John Doe 1 was the Deputy Superintendent and acted or purported to act in their individual capacity to perform official duties under color of state law, ordinances, or regulations.

33. At all material times to this complaint, Defendants John Does 2-5 were employees acting within the course and scope of their employment. John Does 2-5 acted or purported to act in their individual capacity to perform official duties under color of state law, ordinances, or regulations.

34. The Eighth Amendment to the United States Constitution provides protection against cruel and unusual punishment. Plaintiff, as an individual who had been involuntarily committed to OSH had a constitutional interest in not being subjected to cruel and unusual punishment.

35. Defendants Matteucci, John Doe 1, and John Does 2-5, acting under color of state law and with deliberate indifference, violated Plaintiff's Eighth Amendment rights when she subjected Plaintiff to the following forms of cruel and unusual punishment:

a. Deliberately allowing Hobson to be in proximity to Plaintiff leading to the August 15, 2023 assault and resulting injuries.

b. Allowing OSH staff to deliberately allow Plaintiff to be in proximity to Hobson.

WHEREFORE, Plaintiff requests the following for his claims for relief:

1. Economic damages in the amount of $20,000;
2. Non-economic damages in an amount to be proven at trial, but which sum is alleged to be $330,000;
3. Attorney's fees and costs pursuant to 42 USC § 1988.
4. Plaintiff's costs and disbursements incurred in this matter and any other relief this court deems just and equitable.

JURY TRIAL REQUESTED

Dated August 11, 2025

Respectfully Submitted
 S//S Leonard R. Berman
Leonard R. Berman
Attorney for Plaintiff , OSB # 96040
8630 SW SchollsFerry Rd. Box 242,
Beaverton, OR 97008
easyrabbi@yahoo.com

_Verified Correct Copy of Original 8/12/2025_

STATE OF OREGON
Marion County Circuit Courts

**AUG 12 2025**

**FILED**

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MARION
100 High St. NE  Salem Oregon  97301

Case No. 25CV45469

**Tyler Burnard**
vs
**Delores Matteucci, Oregon Health Authority, Oregon State Hospital, John/ Jane Doe 1-5**

**ORDER REGARDING DEFERRAL OR WAIVER OF FEES**

The court reviewed the *Application for Deferral or Waiver of Fees and Declaration in Support* for *(Applicant Name)*: Tyler Burnard regarding the following fees:

☒ Filing Fee            ☐ Sheriff's service fee           ☐ Motion Fee
☐ Arbitration Fee       ☐ Trial Fee
☐ Other: *(describe)* _____  CIV3-564

**The court finds Applicant:**
☐ **DOES** qualify for a deferral or waiver of fees
☐ **DOES NOT** qualify for a deferral or waiver of fees

Additional findings:

**The court orders:**

☐ Determination of fee obligation is postponed. No payment is due from the applicant until further order of the court.

☐ Fees are deferred for full payment. Payment must be made according to the terms of the attached payment plan (or) $_____ per month until paid in full

*A judgment will be entered against Applicant. Collection costs may be added without further notice if fees are not paid as ordered.*

☐ Fees are waived. The court may change or revoke this waiver at a later time.

☐ Application is denied. Payment is due immediately. See the notice of payment due for information. If payment is not received by the court by 8/26/2025, your case may be dismissed and your filing rejected. This may cause a default judgment to be entered against you.

☐ Application is granted in part:

08/12/2025

_____

25CV45469
ORFW
Order – Fee Waiver
19394098

EXHIBIT 2, Page 1 of 4

**THIRD JUDICIAL DISTRICT**
**MARION COUNTY CIRCUIT COURT**

Read carefully. If you do not comply with the following, your case will be dismissed.

Tyler Burnard  v. Oregon Health Auth.; Oregon State Hospital; Delores Matteucci; Doe

Case Number: **25CV45469**
Judge: Partridge, Lindsay R

Date: 08/12/25

*Certified Correct Copy of Original 8/12/2025*

**STATE OF OREGON**
**Marion County Circuit Court**
**FILED AUG 12 2025**

### THIS CASE HAS BEEN ASSIGNED TO:

- ☐ Annex Judge (503) 588-8491
- ☐ Judge Sean E. Armstrong (503) 588-5026
- ☐ Judge Channing Bennett (503) 588-7950
- ☐ Judge Audrey J. Broyles (503) 588-5492
- ☐ Judge Jodie A. Bureta (503) 585-4939
- ☐ Judge James C. Edmonds (503) 373-4303
- ☐ Judge Jennifer K. Gardiner (503) 373-4361
- ☐ Judge Courtland Geyer (503) 373-4445
- ☐ Judge Thomas M. Hart (503) 584-7749
- ☒ Judge Lindsay R. Partridge (503) 588-5028
- ☐ Judge Manuel Perez (503) 588-5020
- ☐ Judge Tracy A. Prall (503) 588-5030
- ☐ Judge Amy M. Queen (503) 588-5160
- ☐ Judge Daniel J. Wren (503) 584-7765
- ☐ Judge Natasha Zimmerman (503) 584-7713

**If a party served with a summons intends to contest this matter, that party must file a response, or other appearance, as instructed in the summons.**

To change judges, a party must notify the court by 5pm on the day they receive this notice. Contact the court for a notice form. The party must then file a motion and affidavit with the court no later than 5pm on the next judicial day. ORS 14.260(4) and 14.270.

A status conference will be set after the party served has filed an appearance. All attorneys must appear at the status conference with their calendars. If parties do not have legal representation, they are to appear at the status conference.

If the Plaintiff has not filed a Return or Acceptance of Service by the 63rd day after the filing of the complaint, the case may be dismissed for want of prosecution 28 days later. If proof of service is filed by the 91st day from the filing of the complaint, and no default is later filed, the case will be dismissed 119 days from the date of the filing of the complaint.

Follow these instructions carefully and refer to the Uniform Trial Court Rules for further information or clarification. All correspondence or other communication shall be directed to the assigned Judge at the following address: Marion County Circuit Court, PO Box 12869, Salem, Oregon 97309-0869.

- ☐ Assignment following standard procedure.
- ☒ Random assignment following the standard procedure.
- ☐ Random assignment at the request of: _____

25CV45469
ASTJ
Assignment – Trial Judge
19394266

CASE ASSIGNMENT NOTICE    Page 1 of 1    3 22.24

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| TYLER BURNARD,<br><br>    Plaintiff,<br><br>    v.<br><br>OREGON STATE HOSPITAL, OREGON HEALTH AUTHORITY, DOLORES MATTEUCCI, JOHN DOE 1, AND JOHN DOES 2-5,<br><br>    Defendants. | Case No. 25CV45469<br>**Hon. Lindsay R. Partridge**<br><br>ACCEPTANCE OF SERVICE<br><br><br>**ORS 20.140 - State fees deferred at filing** |

I, Sara Del Rubin, certify that:

I am the attorney for Defendants Oregon State Hospital, Oregon Health Authority, and Dolores Matteucci, named above. By execution of this document, I hereby accept service on behalf of Defendants Oregon State Hospital, Oregon Health Authority, and Dolores Matteucci. This Acceptance of Service is to have the same force and effect as if the defendant was personally served with the Summons and Complaint, under and pursuant to the rules and statutes of the State of Oregon.

DATED September 15, 2025.

Respectfully submitted,

DAN RAYFIELD
Attorney General

   *s/ Sara Del Rubin*
SARA DEL RUBIN #232414
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
sara.delrubin@doj.oregon.gov
Of Attorneys for State Defendants

Page 1 -   ACCEPTANCE OF SERVICE
SD8/jt3/999324036

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2025, I served the foregoing ACCEPTANCE OF SERVICE upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Leonard R. Berman<br>Law Office of Leonard R. Berman<br>8630 SW Scholls Ferry Rd., Box 242<br>Beaverton, OR 97008<br>  *Attorney for Plaintiff* | ___ HAND DELIVERY<br> X  MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ SERVED BY E-FILING<br> X  SERVED BY EMAIL<br>easyrabbi@yahoo.com |

  *s/Sara Del Rubin*
SARA DEL RUBIN #232414
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
sara.delrubin@doj.oregon.gov
Of Attorneys for State Defendants

Page 1 -   CERTIFICATE OF SERVICE
              SD8/jt3

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tyler Burnard

### DEFENDANTS
Oregon State Hospital, Oregon Health Authority, Dolores Matteucci

**(b)** County of Residence of First Listed Plaintiff: Marion
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Leonard Berman
8630 SW Scholls Ferry Rd., Box 242
Beaverton, OR 97008  (503) 516-3715

Attorneys *(If Known)*
Sara Del Rubin
OR Dept. of Justice
100 SW Market St.
Portland, OR 97201  (971) 673-1880

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Plaintiff brings federal civil rights and state tort claims related to an assault at the Oregon State Hospital

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 350,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 10/15/2025
SIGNATURE OF ATTORNEY OF RECORD: s/Sara Del Rubin

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

EXHIBIT 3, Page 1